Hjin.Cpl.

LEONARDO M. RAPADAS
United States Attorney
TANYA M. CRUZ
Special Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez
Hagåtña, Guam 96910-5113
PHONE: 472-7332
FAX: 472-7334

Attorneys for the United States of America

**ORIGINAL**

**FILED**
DISTRICT COURT OF GUAM
APR 27 2007
MARY L.M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. DAVID EUGENE THOMAS, Defendant | CRIMINAL CASE NO. **07-00044**<br>**COMPLAINT**<br>**TERRORISTIC CONDUCT**<br>[9 G.C.A. §19.50 and 18 U.S.C. §§ 7(3) and (13)] |

THE UNDERSIGNED COMPLAINANT CHARGES UPON INFORMATION AND BELIEF THAT:

On or about April 27, 2007, within the District of Guam, the defendant, DAVID EUGENE THOMAS, at U.S. Naval Hospital Guam, on land acquired for the use of the United States and under the concurrent jurisdiction thereof, did commit terroristic conduct by threatening to commit a crime of violence with intent to cause evacuation of the U.S. Naval Hospital Guam, and otherwise to cause serious public inconvenience, and in reckless disregard of the risk of causing such inconvenience in violation of Title 9 Guam Code Annotated, Section 19.50 and Title 18, United States Code, Sections 7(3) and 13.

-1-

**COMPLAINANT FURTHER STATES:**

I, Adam DeLadurantey, being duly sworn, hereby depose and state as follows:

1. I am a Special Agent ("SA") with the Naval Criminal Investigative Service (NCIS). I have been employed as an SA with NCIS since July 2006. Prior to being employed with NCIS, I was a Special Agent for the U.S. Customs Service for approximately four years. I am presently assigned to the Office of the Resident Agent-in-Charge, Marianas, Guam. I have attended the Criminal Investigator Training Program and the Customs Basic Enforcement School conducted at the Federal Law Enforcement Training Center. During my tenure as a SA, I have participated in numerous investigations of criminal activity, and have participated in the service of several Federal search and arrest warrants.

2. This affidavit is made in support of a criminal complaint against David Eugene THOMAS, described as an adult male, 5'10", 220 pounds, born August 09 August 1957, Social Security Number 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. I have reason to believe that THOMAS violated Guam Code Annotated, Section 19.50 under the Assimilative Crimes Act, Title 18, United States Code, Section 13, which makes it a crime for any person to threaten [*handwritten correction*] to commit any crime of violence with intent to cause evacuation of a building, place of assembly; or facility of public transportation, or otherwise to cause serious public inconvenience, or in reckless disregard of the risk of causing such inconvenience.

3. The information contained in this affidavit was either obtained by me personally or by other law enforcement officers who have engaged in numerous investigations and who have shared the results of their investigation in this matter with me.

4 Based upon my review of investigative reports and conversations with law enforcement agents and officers involved in the investigation, I learned the following:

    a. On April 27, 2007 at approximately 0030 hours, THOMAS, a retired member of the U.S. Army, entered the United States Naval Hospital (USNH) Guam through the doors reserved for ambulance and emergency personnel. USNH Guam personnel asked THOMAS if he needed medical assistance. THOMAS stated that Andersen Air Force Base (AAFB) or the

-2-

Guam Police Department (GPD) should be contacted as they know what they did. THOMAS began rambling incoherently and asked for a telephone to call 911. THOMAS then picked up the phone and dialed 911. USNH Guam personnel then contacted Naval Security Forces Detachment (NSFD) Guam. Lieutenant Gregory Jones took the phone from THOMAS and informed the operator that NSFD had been contacted and that THOMAS was presently at the USNH Guam.

    b. THOMAS then proceeded to walk the halls of the Emergency Room area. LT JONES was able to convince THOMAS to enter an examination room where vital signs were obtained. After vital signs were obtained, THOMAS stated he needed to use the restroom, refused the use of a bed pan or urinal, and proceeded to walk to a men's restroom down the hall from the examination room. LT JONES and three other USNH personnel followed THOMAS to the restroom, where he proceeded to sit down and defecate. An NSFD officer removed his hat, prompting THOMAS to question if he was being physically challenged. THOMAS proceeded to wipe himself, and throw the toilet paper covered in feces, at the officer. THOMAS stated that he would "grab the officers gun and shoot everyone with it".

    c. NSFD officers restrained THOMAS and brought him back to the examination room. NSFD officers then asked THOMAS if they could search his backpack, and if there was anything in the backpack that may harm them. THOMAS stated "I don't know, there might be a knife, a 9 millimeter, an AK-47, or even a bomb in there."

    d. As a result of the above comments made by THOMAS, the USNH Guam was evacuated, to include the neo-natal ward, and other critical patients. The evacuation procedure disrupted USNH Guam procedures, including care for critical patients for approximately two hours.

    e. A search of THOMAS' backpack produced no weapons or explosives. His retired U.S. Military I.D. was found on his person, and his U.S. Passport was found in his backpack.

//
//
//

-3-

7. Based on the foregoing, I have probable cause to believe that DAVID EUGENE THOMAS has committed the offense of Terroristic Conduct in violation of Title 9 Guam Code Annotated, Section 19.50 and Title 18, United States Code, Sections 7(3) and 13.

ADAM DELADURANTEY
Special Agent
U.S. Naval Criminal Investigative Service
Marianas Guam

SWORN AND SUBSCRIBED TO before me on this 27th day of April, 2007.

JOAQUIN V.E. MANIBUSAN, JR.
Magistrate Judge
District Court of Guam